UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMME SHINSHURI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA PHYSICIANS'<br>SERVICES,<br><br>　　　　Defendant. | No.  2:18-cv-03143 TLN CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, proceeding pro se and in forma pauperis, commenced this action on December 4, 2018.  On May 9, 2019, defendant's motion to dismiss or, alternatively, to stay this action, came before undersigned for hearing.  Plaintiff appeared pro se, and Kevin Dwight appeared for defendant.  At the close of the hearing, the matter was submitted.  Having considered the parties' briefs and arguments, the undersigned finds as follows:

　　　　Plaintiff filed the instant complaint in December 2018, asserting claims arising out of her former employment at California Physicians' Services, aka "Blue Shield."  (ECF No. 1.) Defendant asserts that the instant action is duplicative of an earlier-filed action in state court, scheduled to go trial in November 2019.  (ECF No. 13.)  The motion is fully briefed.  (ECF Nos. 18 & 20.)

　　　　Plaintiff alleges that she was terminated from her job with Blue Shield in January 2017 due to a purported "conflict of interest" in violation of company policy.  (ECF No. 1, ¶ 46.)  The

1

conflict concerned plaintiff's discussions with coworkers about her outside nonprofit organization, Shinshuri Foundation, and its Oracles of Truth Academy.  Plaintiff alleges that her recruitment and/or fundraising discussions about the foundation occurred outside work hours (e.g., at lunch) and did not violate company policy.  (See generally ECF No. 1.)  The complaint asserts claims for (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) gender discrimination in violation of Title VII; and (3) wrongful termination in violation of public policy.  (See id. at 58.)

Defendant requests judicial notice of plaintiff's superior court case, Shinshuri v. California Physicians' Service, Case. No. 34-2018-00230569 in the Sacramento County Superior Court.[1]  (ECF No. 16.)  Defendant's Exhibit A is a copy of the Second Amended Complaint ("SAC") filed by plaintiff in that action on September 4, 2018.  (See ECF No. 13-2 (Part 1 of 5).)  Defendant's Exhibit B is a copy of Blue Shield's answer to the SAC, filed in March 2019.  (ECF No. 13-3.)  Plaintiff initiated the state court action on April 9, 2018 (eight months before filing her federal complaint), asserting claims of (1) race discrimination in violation of the California Fair Housing and Employment Act ("FEHA"); (2) gender discrimination in violation of the FEHA; (3) wrongful termination in violation of public policy; and other FEHA and state claims.  (See ECF No. 13-2, SAC.)

Defendant points out that several sections of the state complaint are nearly identical to the instant federal complaint.  (See ECF No. 13 at 5.)  In her opposition to the motion, plaintiff acknowledges that, in the state action, she "alleged that Defendant committed acts of discrimination because of her race and gender" and "retaliated against her while she was engaged in protected activities in violation of public policy[.]"  (ECF No. 18 at 4.)  Plaintiff concedes that the instant federal case "is related in that the causes of action are similar," but argues that a separate, federal case is warranted because she seeks relief under Title VII, not FEHA as in state court.  (Id.)  However, California state courts have looked to federal courts' interpretation of Title VII claims in FEHA cases, as "the antidiscriminatory objectives and the overriding public policy

---

[1] The undersigned takes judicial notice of the state court records described herein.

2

purposes are identical[.]" Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 606 (1989).

Plaintiff's state action has been actively litigated for the past year. In addition to answering the SAC, defendant served its first set of discovery requests in November 2018, and plaintiff has responded. (See ECF No. 13 at 4.) The parties have begun scheduling depositions based on witnesses identified by plaintiff in her discovery responses. (Id.) The Sacramento Superior Court has ruled on multiple demurrers to iterations of the complaint, and in October 2018, the parties appeared before the court for a case management conference. (Id.) The case is set for trial on November 4, 2019. (Id.)

Defendant seeks dismissal of the instant case pursuant to the Colorado River doctrine, or alternatively argues that this case be stayed pending resolution of state court proceedings.[2]

A court may abstain from exercising its jurisdiction pursuant to the Colorado River doctrine when "considerations of wise judicial administration" warrant deference to concurrent state court proceedings. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813–814, 817–818 (1976). Federal district courts have discretion to stay an action in "exceptional circumstances," "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." Colorado River, 424 U.S. at 818. "The Colorado River doctrine is not a recognized form of abstention. Instead, it is a form of deference to state court jurisdiction." Coopers & Lybrand v. Sun-Diamond Growers, 912 F.2d 1135, 1137 (9th Cir. 1990) (citations omitted). Within the Ninth Circuit, "district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under Colorado River." Id. at 1138 (citing, inter alia, Attwood v. Mendocino Coast District Hospital, 886 F.2d 241, 242-44 (9th Cir. 1989)); see also R.R. Street & Co. Inc. v. Transport. Ins. Co., 656 F.3d 966, 978 n.8 (9th Cir. 2011) ("We generally require a stay rather than a dismissal.").

The Ninth Circuit Court of Appeals has summarized the factors to be considered on a motion to stay under Colorado River, as follows:

---

[2] At the hearing, plaintiff correctly pointed out that the Federal Rule 12(b)(6) analysis for dismissal for failure to state a claim does not apply in this context.

3

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. Street, 656 F.3d at 978-79 (citations omitted); accord, AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1155 (9th Cir. 2007) (Ferguson, Circuit Judge, concurring); Travelers Indemnity Co. v. Madonna, 914 F.2d 1364, 1367-72 (9th Cir. 1990).

Here, the Colorado River factors weigh in favor of staying the instant action pending resolution of plaintiff's very similar action in state court, including a possible trial in November 2019. See Cooper v. Jones, 2017 WL 569628 (E.D. Cal. 2017) (recommending that prisoner civil rights action be stayed pending resolution of related state court case, per Colorado River doctrine).

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion to dismiss or stay (ECF No. 13) be granted in part, as set forth below;
2. This action be administratively stayed pending final resolution of plaintiff's related state court case, Sacramento County Superior Court Case No. 34-2018-00230569; and
3. Defendant be directed to file and serve, within thirty days after final resolution of the state court case, a statement so informing the court, together with a supported motion requesting that this court either proceed with, or dismiss, the instant federal action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

4

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 17, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/shinshuri3143.f&rs