UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMME SHINSHURI,<br><br>                Plaintiffs,<br><br>          v.<br><br>CALIFORNIA PHYSICIANS' SERVICES dba Blue Shield of California,<br><br>                Defendant. | No.  2:18-cv-03143 TLN CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Before the court is defendant's motion to dismiss this action pursuant to Rule 12(b)(6) under the doctrine of res judicata.  ECF No. 35.  Plaintiff has filed an opposition, and defendant has filed a reply.  ECF Nos. 39 & 40.  On December 21, 2023, the motion was taken under submission without appearance and argument pursuant to Local Rule 230.  ECF No. 41.  For the reasons set forth below, the undersigned will recommend that defendant's motion be granted.

I.  Legal Standard

    In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A defendant may bring a motion to dismiss under Rule 12(b)(6) based on the doctrines of res judicata or collateral estoppel. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). In ruling on a Rule 12(b)(6) motion, the court may consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

II. Motion to Dismiss

Plaintiff, a Sacramento resident, is proceeding pro se. In her complaint filed December 4, 2018, she alleges the following claims arising out of her former employment at defendant company ("Blue Shield"): (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) gender discrimination in violation of Title VII; and (3) wrongful termination in violation of public policy. ECF No. 1.

Eight months before filing the instant federal action, on April 9, 2018, plaintiff filed a similar state court action in the Superior Court of California, Sacramento County, alleging unlawful racial discrimination, gender discrimination, and wrongful termination against Blue Shield, along with other allegations.[1] ECF No. 35-2, Roeser Decl., at ¶2. On August 2, 2019, the district judge in the instant action adopted findings and recommendations by the undersigned and stayed this action pending the resolution of plaintiff's state court case. ECF No. 23.

The state court action proceeded on plaintiff's second amended complaint (SAC), including the exchange of discovery requests, document production, and depositions. Roeser Decl., at ¶¶ 13-14. Defendant filed a motion for summary judgment, which plaintiff opposed; on October, 4, 2019, the parties argued the merits at a hearing. Id., ¶¶ 15-18. The Superior Court entered judgment against plaintiff on October 19, 2019. Id., ¶ 20. Plaintiff appealed, and on April 13, 2023, the Court of Appeal issued an opinion affirming the Superior Court's judgment in full. Id., ¶ 26; see ECF No. 35-2 at 150-169. On July 12, 2023, the California Supreme Court denied review of plaintiff's petition. Id., ¶ 30. Lastly, on October 18, 2023, the Superior Court took plaintiff's final motion in the state court action off calendar. Id., ¶ 34.

---

[1] The court takes judicial notice of the state court action, *Tamme Shinshuri v. California Physicians' Service dba Blue Shield of California*, Case No. 34-2018-00230569. See Roeser Decl, Ex. 1.

Defendant argues that the instant case is substantively the same as the earlier action and, thus, is barred by res judicata. "Res judicata, also known as claim preclusion, applies only where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (citation and internal quotation marks omitted). This doctrine prevents the re-litigation of any claims that were raised, or could have been raised, in a prior action. W. Radio Servs. Co., Inc., v. Glickman, 123 F.3d 1189, 1192 (9th Cir.1997).

As to identity of claims, plaintiff concedes that the instant federal action involves the "same causes of action and same parties/litigants" as the state court action. ECF No. 24 at 14. In opposition to defendant's motion to dismiss, she contends that the state court case did not result in a final judgment on the merits. ECF No. 39 at 12-28. However, plaintiff's arguments amount to disagreements with various state court rulings that went against her. See Bagenstose v. D.C., 503 F. Supp. 2d 247, 259 (D.C. 2007) (plaintiff was afforded all process due, "a conclusion that he cannot simply avoid by impugning the soundness of the outcome reached in those proceedings."). Because the state court issued a final judgment on the merits, and the other two factors are met, the instant claims are barred by res judicata.

Accordingly, IT IS HEREBY RECOMMENDED THAT defendant's motion to dismiss (ECF No. 35) be granted and this action dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 2, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/shin3143.mtd_fr